FILED ___ ENTERED
LODGED ___ RECEIVED

JAN - 9 2011

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
BY _____ DEPUTY

10-CV-01852-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>KINETICSWARE, INC., a Washington corporation; KINETICSWARE, INC., 401(k) SAVINGS PLAN, an employee benefit plan; JEFFREY SAMPSON, an individual; and RICHARD BARNETT, an individual,<br><br>Defendants. | Case No. 2:10-CV-01852-JLR<br><br><br>CONSENT JUDGMENT AND ORDER |

WHEREAS:

A. Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary" or "EBSA") pursuant to her authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against KINETICSWARE, INC., a Washington corporation ("Company"); the KINETICSWARE, INC., 401(k) SAVINGS PLAN, an employee benefit plan (the "Plan"); JEFFREY SAMPSON, an individual ("Sampson"); and RICHARD BARNETT, an individual ("Barnett").[1]

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief. Fed. R. Civ. P. 19(a).

CONSENT JUDGMENT AND ORDER - 1

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

B. The Secretary, the Company, Sampson, Barnett, and the Plan (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Western District of Washington pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

C. The parties agree to the entry of this Consent Judgment and Order. The parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint.

D. The Secretary's Complaint alleges that Defendants Company, Sampson and Barnett are fiduciaries of the Plan within the meaning of Section 3(21), 29 U.S.C. § 1002(21), of ERISA.

E. The Secretary's Complaint alleges that Defendants Company, Sampson and Barnett breached the fiduciary duties imposed on them by ERISA Sections 403(a), 403(c)(1), 404(a)(1)(A) and (B), § 405(a), 406(a)(1)(B) and (D), and 406(b)(1) and (2), 29 U.S.C. §§ 1103(a), 1103(c)(1), 1104(a)(1)(A) and (B), 1105(a), 1106(a)(1)(B) and (D), and 1106(b)(1) and (2), by failing to remit, and remit timely, employee contributions and participant loan repayments and employer matching contributions to the Plan.

F. The Secretary's Complaint alleges that, as a result of the breaches set forth in Paragraph 2, *supra*, and as more fully alleged in the Secretary's Complaint, by their breaches of their ERISA fiduciary duties Defendants Company, Sampson and Barnett caused losses to the Plan of $213,992.00, plus lost-opportunity costs calculated through November 1, 2011 in the amount of $24,256.00, for a total of $238,248.00.

IT IS HEREBY **ORDERED, ADJUDGED,** and **DECREED** that:

1. Judgment is hereby entered against Defendants Company, Sampson and Barnett in the amount of $238,248.00.

2. Pursuant to ERISA § 409, 29 U.S.C. § 1109, Defendants Company, Sampson and Barnett are jointly and severally liable and responsible for restoring $213,992.00 in

CONSENT JUDGMENT AND ORDER
- 2

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

unremitted employee salary reduction contributions and uncollected mandatory employer contributions, plus lost-opportunity costs calculated through November 1, 2011 in the amount of $24,256.00, less $37,638 in contributions and lost-opportunity costs owed to Sampson and Barnett as Plan participants as waived in Paragraph 8(a) below, for a total of $200,610.00 ("Amount Due"), plus pre- and post-judgment Interest as set forth in Paragraph 8 below, to the Plan.

3. Defendants Company, Sampson and Barnett are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

4. Defendant Barnett is permanently enjoined and restrained from serving as fiduciary of, or service provider to, any ERISA-covered plan.

5. Upon the appointment of the Independent Fiduciary named in Paragraph 6, *infra*, Defendant Sampson is removed as the Trustee of the Plan, and permanently enjoined and restrained from serving as fiduciary of, or service provider to, any ERISA-covered plan.

6. Jeanne Barnes Bryant, J.D., CIR, of Receivership Management, Inc., 783 Old Hickory Blvd, Suite 255 Brentwood, TN 37027 shall be, and hereby is, appointed Independent Fiduciary of the Plan, who:

    a. Will be responsible for collecting, marshalling, paying out, and administering Plan assets, calculating the participants' and beneficiaries' account balances, acting in accordance with and carrying out the duties outlined in Paragraph 8 below, and taking further action with respect to the Plan as appropriate, and, if necessary, terminating the Plan when all of its assets are distributed to all eligible participants and beneficiaries;

    b. Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, must exercise reasonable care and diligence to identify and locate each Plan participant and beneficiary who is eligible to receive a distribution under the terms of the Plan to the extent the Plan has distributable assets and shall distribute such assets at a frequency that she determines is appropriate;

CONSENT JUDGMENT AND ORDER
- 3

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

  c. Has all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing Form 5500s;

  d. Has the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain assistance as needed, including attorneys, accountants, actuaries, and other service providers;

  e. Shall have full access to all data, information and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider;

  f. Shall have the authority to give instructions respecting the disposition of assets of the Plan;

  g. Shall obtain and maintain a fidelity bond pursuant to ERISA § 412, 29 U.S.C. § 1112;

  h. Shall comply with all applicable rules and laws;

  i. Shall be entitled to reasonable compensation, fees and expenses, paid by Defendants Sampson and Barnett consistent with Paragraph 8(k), *infra*. Following the entry of this Consent Judgment and Order by the Court, the Independent Fiduciary shall be required to present to the Court and the Secretary an itemized report of fees and expenses on a quarterly basis ("Fee Report"). The Fee Report shall include the hourly rates of pay, dates and hours of work, a description of work performed, and an itemized statement of expenses. The Secretary requests that the Fee Report shall be deemed approved, unless the Secretary specifically objects to the fees and expenses charged within fifteen business days.

 7. Defendants shall cooperate fully with the Independent Fiduciary herein appointed by the Court in providing documents or information they may have relevant to the Plan's administration and management.

 8. Defendants Sampson and Barnett shall restore the Amount Due to the Plan, plus pre-judgment interest calculated on the Amount Due from November 1, 2011 through

CONSENT JUDGMENT AND ORDER - 4

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

1
2  the date of entry of this Consent Judgment and Order, and post-judgment interest as set forth
3  in Paragraph 8(j), in payment installments as set forth in this Paragraph. Payment
4  installments shall continue until the Amount Due plus the applicable Interest, plus the
5  reasonable fees and costs of the Independent Fiduciary as set forth in paragraph 8(k), are
6  paid in full, provided that all payment installments are made as set forth herein. Payments
7  shall be applied first to accrued reasonable fees and costs of the Independent Fiduciary as set
8  forth in paragraph 8(k), then to Interest, and then to the principal Amount Due.

      a.    Defendants Sampson and Barnett waive their right to restoration of missing employee contributions and employer matching contributions, plus interest thereon, owed to them as Plan participants. The spouse of Defendant Sampson has consented to the waiver of amounts owed, as evidenced by the spousal consent form submitted by Defendant Sampson contemporaneously with the filing of this Consent Judgment and Order ("Waiver of Benefits and Spousal Consent Form"). All restorations of the Amount Due plus Interest to the Plan shall be allocated to all Plan participants other than Defendants Sampson and Barnett.

      b.    On the first day of the month following the entry of this Consent Judgment and Order by the Court, Defendant Barnett shall remit his initial Monthly Payment as defined in paragraph 8(d) to the Plan, through the Independent Fiduciary identified at Paragraph 6 *infra*. Monthly Payments shall be due on the first day of each month.

      c.    On the first day of the month following the entry of this Consent Judgment and Order by the Court, Defendant Sampson shall remit his initial Quarterly Payment as defined in paragraph 8(d) to the Plan, through the Independent Fiduciary identified at Paragraph 6 *infra*. Quarterly Payments shall be due on the first day of every third month following the initial payment (e.g. January 1, April 1, July 1, October 1).

CONSENT JUDGMENT AND ORDER
- 5

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

d. Except as provided in Paragraph 8(e), Monthly Payment shall be defined as a variable amount, calculated annually and separately as to Barnett, equal to twenty-five (25) percent of his monthly Disposable Income. Except as provided in Paragraph 8(e), Quarterly Payment shall be defined as a variable amount, calculated annually and separately as to Sampson, equal to twenty-five (25) percent of his monthly Disposable Income multiplied by three. Disposable Income shall be defined as the total amount of income after legally required deductions and withholdings (e.g., federal, state and local taxes; Social Security/FICA; unemployment insurance; state employee retirement systems; and, as to Defendant Barnett, installment payments required by the Internal Revenue Service toward outstanding tax liability for tax year 2001) over the prior twelve-month period, divided by twelve. Notwithstanding any other provision of law, Disposable Income for purposes of this Consent Judgment and Order shall not be reduced by any wage garnishment or other judgment collection initiated against Sampson or Barnett after the date of entry of this Consent Judgment and Order.

e. Based on the formula referenced in Paragraph 8(d), *supra,* the initial Monthly Payment for the time period January 1, 2012 through and including December 1, 2012, shall be $837.00 for Barnett; and the initial Quarterly Payment for the same time period shall be $3,810.00 for Sampson.

f. No later than January 1, 2013 and each January 1 thereafter, Defendants Sampson and Barnett shall each calculate his Disposable Income and Monthly Payment pursuant to the formula set forth in Paragraph 8(d). Defendants Sampson and Barnett shall each then forward to the Independent Fiduciary and EBSA his calculation of Disposable Income and Monthly Payment and a completed copy of the attached Financial Affidavit (Exhibit A). The Independent Fiduciary shall confirm the accuracy of Defendants' calculations of Disposable Income and Monthly Payment. If there is a dispute over the amount of the Monthly Payment, the calculation of the Independent Fiduciary pursuant to

CONSENT JUDGMENT AND ORDER
- 6

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

the formula set forth in Paragraph 8(d) shall be the Monthly Payment. Beginning on January 1 of each year, Defendants Barnett shall pay to the Plan during the following twelve-month period the recalculated Monthly Payment amount, and Defendant Sampson shall pay to the Plan during the following twelve-month period the recalculated Quarterly Payment amount.

   g. Defendants Sampson and Barnett each agree that if he receives any funds from any source other than the gross wages, salary, commissions, interest income and dividends itemized annually in the Financial Affidavit specified above in Paragraph 8(e), those funds received less any amounts payable as taxes or attorney's fees (or, if business income, less any reasonable business expenses) up to the Amount Due, less any funds paid by Sampson and/or Barnett as installment payments pursuant to this Consent Judgment and Order, shall be paid to the Plan within 30 days of receipt of such funds, via the Independent Fiduciary appointed under this Consent Judgment and Order, in such manner as directed by the Independent Fiduciary.

   h. Should Sampson and/or Barnett fail to timely comply with any requirements set forth in this Paragraph, the remaining balance of the Amount Due at the time of non-compliance shall become immediately due and payable and the Secretary will use whatever means possible to recover the Amount Due. Interest will continue to accrue on the Amount Due at the rate set forth in 26 U.S.C. § 6621(a) until such time as the Amount Due is paid in full. Plaintiff acknowledges and agrees that as long as Sampson and Barnett continue to timely comply with all of the requirements set forth in this Paragraph, Plaintiff will not seek wage garnishment or take any other action to enforce or execute upon this Consent Judgment and Order, except as provided in this Paragraph 8(h). Defendants acknowledge that, even if Sampson and Barnett continue to timely comply with all of the requirements set forth in this Paragraph, Plaintiff may, at any time in the future, record and enforce a judgment lien for the remaining payments under this Consent Judgment and Order against any real property owned wholly or in part by Sampson and/or Barnett. Further,

CONSENT JUDGMENT AND ORDER - 7

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

should Sampson and/or Barnett fail to adequately disclose income or other assets under the terms of this Consent Judgment and Order, the Secretary make seek attachment of such undisclosed accounts and/or assets to satisfy the outstanding obligations under this Consent Judgment and Order.

      i.    Defendants Sampson and Barnett agree that upon request by the Secretary, Sampson and/or Barnett shall provide the Secretary documentation related to the terms of this Consent Judgment and Order within fourteen days of the Secretary's request. Defendants Sampson and Barnett further agree that the Independent Fiduciary may share information relating to this matter with the Secretary.

      j.    Defendant Sampson shall continue making Quarterly Payments, and Defendant Barnett shall continue making Monthly Payments, until the Amount Due plus Interest accruing on the declining balance at the variable rate provided by 26 U.S.C. § 6621(a) is paid in full.

      k.    In addition to the Amount Due plus Interest to the Plan under this Paragraph, Sampson and Barnett shall pay the reasonable fees and costs of the Independent Fiduciary. The Quarterly and Monthly Payments made by Defendants shall be inclusive of the fees and costs of the Independent Fiduciary; the Independent Fiduciary shall apply such Payments to her reasonable accrued fees and costs before applying such to Interest and Principal, as set forth in paragraph 8. For purposes of ERISA § 502(l), 29 U.S.C. § 1132(l), and paragraph 9 of this Consent Judgment and Order, the "Applicable Recovery Amount" shall be the total amounts recovered to the Plan, exclusive of amounts paid by Defendants to the Independent Fiduciary for fees and costs as a portion of their Quarterly and Monthly Payments.

9.    Upon Defendants Sampson's and Barnett's payment of the Amount Due plus Interest paid to the Plan as defined in Paragraph 8(k) ("Applicable Recovery Amount"), Defendants Sampson and Barnett shall be assessed a penalty under ERISA § 502(l), 29

CONSENT JUDGMENT AND ORDER
- 8

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

U.S.C. § 1132(1), in the total amount of twenty percent of the Applicable Recovery Amount. Defendants Sampson and Barnett waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83 and, within sixty days following the last payment date, Defendants Sampson and Barnett shall each pay half of such total penalty to the U.S. Department of Labor by each sending a certified or cashier's check payable to the United States Department of Labor (please write "EBSA Case No. 71-009851(48)" on the check) to:

> U.S. Department of Labor
> ERISA Civil Penalty Collections
> P.O. Box 71360
> Philadelphia, PA  19176-13608

10. Wherever submission to the Secretary is required under the terms of this Consent Judgment, such submission shall be made to:

> Jean Ackerman
> Regional Director
> United States Department of Labor
> Employee Benefits Security Administration
> 90 7th Street, Suite 11-300
> San Francisco, CA 94103
> Fax: 415-625-2499

11. The Secretary and Sampson have stipulated to the full nondischargeability of the Amount Due in a Joint Stipulation as to Nondischargeability of Debt filed in the related case of Solis v. Sampson (In re Sampson), Adversary Case No. 09-01485-KAO. A copy of the Order as to Nondischargeability of Debt entered March 22, 2010 is attached hereto as Exhibit B and its terms incorporated by reference.

12. Defendant Barnett agrees that, in the event that he files for bankruptcy protection under any chapter of the United States Bankruptcy Code, within thirty (30) calendar days of filing a petition in any United States Bankruptcy Court, he will execute a stipulation with the Secretary and consent to the entry of an Order that the identified Loss Amount plus lost-opportunity costs calculated through the date that Barnett files a

CONSENT JUDGMENT AND ORDER - 9

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

bankruptcy petition is a nondischargeable debt pursuant to § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4) ("Stipulation"). The Stipulation and entry of a subsequent Order shall further provide for the continued accrual of lost-opportunity costs at the rate set forth in 26 U.S.C. § 6621 from the date the relevant nondischargeability Order is issued until such time as the Loss Amount is paid to the Plan in full.

13. The Secretary and Defendants Sampson and Barnett shall each bear their own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

14. Defendants Sampson and Barnett expressly waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

15. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

16. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

17. By signing their names to this Consent Judgment and Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

The Court directs the entry of this Consent Judgment and Order as a final order.
IT IS SO ORDERED, ADJUDGED, and DECREED.

CONSENT JUDGMENT AND ORDER
- 10

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

Dated: January 9, 2012

*/s/ James L. Robart*

UNITED STATES DISTRICT COURT

Entry of this Consent Judgment is hereby consented to:

| | |
|---|---|
| Approved this _____ day of _____, 2011:<br><br>By: _____<br>RICHARD BARNETT<br><br>Approved as to form this _____ day of December, 2011:<br><br>By: _____<br>RANDY BARNARD<br>O'Shea Barnard Martin<br>1500 Skyline Tower<br>10900 NE Fourth St.<br>Bellevue, WA 98004<br>Attorney for Richard Barnett<br><br>Approved this _____ day of December, 2011:<br><br>By: _____<br>JEFFREY SAMPSON, *Pro Se*<br>20627 NE 25th Ct.<br>Sammamish, WA 98074 | Approved this 5th day of January, 2012:<br><br>M. PATRICIA SMITH<br>Solicitor of Labor<br><br>LAWRENCE BREWSTER<br>Regional Solicitor<br><br>BRUCE L. BROWN<br>Associate Regional Solicitor, Seattle<br><br>DANIELLE L. JABERG<br>Counsel for ERISA<br><br><br>By: /s/ Evan H. Nordby<br>EVAN H. NORDBY<br>Trial Attorney<br><br>Attorneys for Plaintiff<br>United States Department of Labor |

CONSENT JUDGMENT AND ORDER - 11

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
1111 THIRD AVENUE, SUITE 945
SEATTLE, WA 98101
(206) 553-0940

Dated:_____

UNITED STATES DISTRICT COURT

Entry of this Consent Judgment is hereby consented to:

| Approved this _____ day of _____, 2011: | Approved this _____ day of December, 2011: |
|---|---|
| By:_____<br>RICHARD BARNETT | M. PATRICIA SMITH<br>Solicitor of Labor |
| Approved as to form this _____ day of December, 2011: | LAWRENCE BREWSTER<br>Regional Solicitor |
| By:_____<br>RANDY BARNARD<br>O'Shea Barnard Martin<br>1500 Skyline Tower<br>10900 NE Fourth St.<br>Bellevue, WA 98004<br>Attorney for Richard Barnett | BRUCE L. BROWN<br>Associate Regional Solicitor, Seattle<br><br>DANIELLE L. JABERG<br>Counsel for ERISA |
| Approved this 29th day of December, 2011:<br><br>By: _____<br>JEFFREY SAMPSON, *Pro Se*<br>20627 NE 25th Ct.<br>Sammamish, WA 98074 | By: /s/ Evan H. Nordby<br>EVAN H. NORDBY<br>Trial Attorney<br><br>Attorneys for Plaintiff<br>United States Department of Labor |

CONSENT JUDGMENT AND ORDER
- 11

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVENUE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6762

Dated:_____

UNITED STATES DISTRICT COURT

Entry of this Consent Judgment is hereby consented to:

| Approved this 3rd day of Dec., 2011:<br><br>By: _____<br>RICHARD BARNETT<br><br>Approved as to form this 4th day of December, 2011:<br><br>By: _____<br>RANDY BARNARD<br>O'Shea Barnard Martin<br>1500 Skyline Tower<br>10900 NE Fourth St.<br>Bellevue, WA 98004<br>Attorney for Richard Barnett<br><br>Approved this ____ day of December, 2011:<br><br>By: _____<br>JEFFREY SAMPSON, *Pro Se*<br>20627 NE 25th Ct.<br>Sammamish, WA 98074 | Approved this ____ day of December, 2011:<br><br><br>M. PATRICIA SMITH<br>Solicitor of Labor<br><br>LAWRENCE BREWSTER<br>Regional Solicitor<br><br>BRUCE L. BROWN<br>Associate Regional Solicitor, Seattle<br><br>DANIELLE L. JABERG<br>Counsel for ERISA<br><br><br>By: /s/ Evan H. Nordby<br>EVAN H. NORDBY<br>Trial Attorney<br><br>Attorneys for Plaintiff<br>United States Department of Labor |